UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EARNEST B GREEN,

     Plaintiff,

v.                                                                          Case No. 3:26-cv-841-MMH-PDB

VESTA PROPERTY
MANAGEMENT COMPANY,

     Defendant.

## O R D E R

**THIS CAUSE** is before the Court <u>sua sponte</u>. Proceeding <u>pro se</u>, Plaintiff, Earnest B Green, initiated this action on April 10, 2026, by filing a Complaint for a Civil Case (Doc. 1; Complaint). Upon review of the Complaint, the Court finds that the Complaint is due to be stricken because it constitutes an impermissible "shotgun pleading." In the analysis that follows, the Court will discuss some of the problems with the Complaint and provide Green with the opportunity to file a corrected complaint consistent with the Federal Rules of Civil Procedure (Rule(s)).[1] Green should carefully review this Order and consider utilizing the resources available for <u>pro se</u> litigants, cited below, before

---

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules. The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

filing his corrected complaint. Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "conform to procedural rules." Riley v. Fairbanks Cap. Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[2] The Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading standard, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Additionally, Rule 10 requires that, in a complaint, a plaintiff "state [his] claims or defenses in

---

[2] In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

- 2 -

numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rules 8 and 10 work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

As a preliminary matter, the Complaint violates Rule 10(b) because Green does not set forth factual allegations in numbered paragraphs. See generally Complaint. Indeed, the only factual content in the Complaint is found in the 31 pages of exhibits. See (Doc. 1-1; Exhibits). The presentation of factual allegations in this way makes it impossible for Defendant to respond to the Complaint. Thus, when preparing his corrected complaint, Green must set forth his factual allegations "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." See Fed. R. Civ. P. 10(b).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four

broad categories of impermissible shotgun pleadings).[3] Relevant here is the type of improper pleading that occurs when the plaintiff "commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1322–23; see, e.g., id. at 1323 n.13 (collecting cases). Indeed, Rule 10(b) requires that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count … ." Fed. R. Civ. P. 10(b); see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)).

Green's Complaint falls within this category of shotgun pleading. Indeed, Green does not identify his claims at all, nor does he set them forth in numbered

---

[3] The Eleventh Circuit has summarized the four categories of shotgun complaints as follows:

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321–23).

counts. See generally Complaint. He asserts that the Court has federal question jurisdiction over this action because the statutes "at issue in this case" are Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, et seq., and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, et seq., see Complaint at 3, but he does not explain what claims under these statutes he seeks to bring, see generally id. Each of these statutes creates several distinct causes of action, including discrimination, retaliation, and hostile work environment. But discrimination, retaliation, and hostile work environment claims are each "founded on a separate transaction or occurrence" and require the plaintiff to establish different facts. See Palmer v. Albertson's LLC, 418 F. App'x 885, 889 (11th Cir. 2011) (rejecting plaintiff's argument that he had adequately alleged a hostile work environment claim where the complaint contained only two counts—disability discrimination and retaliation). As such, a plaintiff must plead these claims in separately identified counts. See Amaya v. Vilsack, No. 23-cv-22838-Altman/Reid, 2024 WL 1285162, at *3 (S.D. Fla. Mar. 26, 2024) (admonishing the plaintiff for "shift[ing] between different theories of [Title VII] liability—sometimes even in the same sentence"). When Green drafts his corrected complaint, he must identify in separate counts the claims he seeks to bring and must not merely cite Title VII and the ADA generally. And he must also separate his claims under Title VII from his claims under the ADA.

Importantly, when repleading with separate counts, Green should also take care to avoid drafting a complaint in which he adopts or incorporates the allegations of preceding counts, as this also constitutes a form of impermissible shotgun pleading. See Weiland, 792 F.3d at 1321 ("The most common type [of shotgun complaint] … is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.").

Green is cautioned that in the Eleventh Circuit, shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). Striking shotgun pleadings is more than just procedural formalism: as the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering

a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead."). In light of the foregoing, the Court will strike Green's Complaint and direct him to file a corrected complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). In accordance with Rules 8(a)(2) and 10(b), in his corrected complaint, Green must (1) set forth his factual allegations in numbered paragraphs, (2) set forth his separate causes of action in numbered counts, and (3) provide "a short and plain statement" of his claims demonstrating that he is entitled to relief. See Fed. R. Civ. P. 8(a)(2), 10(b). Green must avoid the shotgun pleading deficiencies discussed above and describe in sufficient detail the factual basis for each of his claims. Failure to comply with the Rules and this Order may result in dismissal of this action without further notice.

Prior to filing his corrected complaint, the Court encourages Green to consider consulting with a legal aid organization that offers free legal services,

such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Green may call the Clerk's Office at (904) 549-1900 to request an appointment. More information about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[4]

Accordingly, it is

**ORDERED:**

1. Earnest B Green's Complaint for a Civil Case (Doc. 1) is **STRICKEN**.

---

[4] In preparing the corrected complaint and any future filings, the Court recommends that Green visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Green does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

2.      Green shall file his corrected complaint on or before May 20, 2026.[5]

Failure to do so may result in the dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of April, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record

---

[5] The filing of the corrected complaint does not affect any right Green may have to amend as a matter of course under Rule 15(a)(1).