**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

EARNEST B. GREEN,

     Plaintiff,

v.                                                                Case No. 3:26-cv-841-MMH-PDB

VESTA PROPERTY
MANAGEMENT COMPANY,

     Defendant.

_____

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Proceeding pro se, Plaintiff, Earnest B. Green, initiated this action on April 10, 2026, by filing a Complaint for a Civil Case (Doc. 1; Complaint). On April 20, 2026, the Court sua sponte struck the Complaint and directed Green to file a corrected complaint that complied with the Federal Rules of Civil Procedure (Rule(s)). See Order (Doc. 5; Order Striking the Complaint). Pursuant to that order, on April 30, 2026, Green filed a corrected complaint. See Complaint for Violation of Title VII of the Civil Rights Act of 1964 (Doc. 6; Corrected Complaint). Upon review, the Court finds that the Corrected Complaint is due to be stricken as it still constitutes an impermissible "shotgun pleading" and does not comply with the Rules or the

Order Striking the Complaint.[1] In the analysis that follows, the Court will discuss some of the problems with the Corrected Complaint and provide Green with **one final opportunity** to file a complaint consistent with the Rules. Green should carefully review this Order and the Order Striking the Complaint and consider utilizing the resources available for pro se litigants, cited below, before filing an amended corrected complaint. Failure to comply with the pleading requirements set forth in the Court's orders **will result in the dismissal of this action without further notice**.

In the Order Striking the Complaint, the Court set forth the pleading requirements in detail. See Order Striking the Complaint at 2–8. Rather than risk redundancy and confusion by repeating those requirements here, the Court directs Green to carefully review the pleading requirements discussed in the Order Striking the Complaint. While Green has corrected some of the pleading defects outlined in that order, namely by including numbered paragraphs and separating his claims into separately identified counts, he has not followed the Court's instruction to "set forth his factual allegations 'in numbered

---

[1] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

paragraphs, each limited as far as practicable to a single set of circumstances.'" Id. at 3 (quoting Fed. R. Civ. P. 10(b)).[2] As before, the bulk of the factual content in the Corrected Complaint is found in a lengthy set of exhibits that Green attaches. Id.; see also Exhibits (Doc. 6-1) (containing 23 pages of exhibits). This is improper because discerning the factual basis of Green's claims requires Defendant and the Court to sift through 23 pages of exhibits and speculate as to how the exhibits are relevant to each claim asserted. While it may be permissible for a plaintiff to attach exhibits to a pleading, a plaintiff may not relegate all of his or her factual allegations to exhibits because a defendant cannot possibly frame a responsive pleading to a complaint drafted in that way. See Fed. R. Civ. P. 8(b)(1)(B) (in responding to a complaint, a defendant must "admit or deny the allegations asserted against it").

Additionally, Green has introduced a new pleading error. Despite the Court's caution against "drafting a complaint in which he adopts or incorporates the allegations of preceding counts," see Order Striking the Complaint at 6, in Count II of the Corrected Complaint, Green "realleges paragraphs 1 through 20," which includes the entirety of Count I. See Corrected Complaint ¶ 21.

---

[2] The numbered paragraphs Green does include consist primarily of broad, vague statements and conclusions of law. See generally Corrected Complaint. They do not suffice to put Defendant on notice of the factual basis of the claims against it.

In light of the foregoing, the Corrected Complaint is due to be stricken and the Court will provide Green one final opportunity to file a pleading that complies with the Rules and the Court's orders. In his amended corrected complaint, Green must avoid the shotgun pleading deficiencies discussed here and in the Order Striking the Complaint. To do so, he must set forth his factual allegations in separately numbered paragraphs and not reincorporate his claims for relief in successive counts. The Court reiterates that failure to comply with the Rules and this Court's orders **will result in dismissal of this action without further notice**.

Prior to filing his amended corrected complaint, the Court again encourages Green to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Virtual, telephonic, and in-person appointments are available every Tuesday. To request an appointment, pro se litigants may call the Clerk's Office at (904) 549-1900 or visit the Clerk's Office check-in window.[3] A brochure

---

[3] The Clerk's Office is located on the Ninth Floor of the Bryan Simpson United States Courthouse, 300 N. Hogan Street, Jacksonville, Florida 32202.

- 4 -

with more information about the program is available on the Court's website, www.flmd.uscourts.gov/legal-information-program.[4]

Accordingly, it is

**ORDERED:**

1. Earnest B. Green's Complaint for Violation of Title VII of the Civil Rights Act of 1964 (Doc. 6) is **STRICKEN**.

2. Green shall file his amended corrected complaint on or before **June 16, 2026**. Failure to timely and properly do so will result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Jacksonville, Florida, on May 26, 2026.

MARCIA MORALES HOWARD
United States District Judge

---

[4] In preparing the amended corrected complaint and any future filings, the Court recommends that Green visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Green does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

lc33

Copies to:
<u>Pro</u> <u>Se</u> party